## PITMAN *v.* GALE.

When a division of a boundary fence, made by agreement according to the statute, is rendered unequal by a subsequent conveyance of a part of the land on one side of the line, a new division may be made by the fence-viewers, requiring a maintenance of the fence by adjoining land-owners in equal shares.

ASSUMPSIT, for the recovery of fence-viewers' fees, &c., under *c.* 142, Gen. Laws.  Facts found by the court.

In 1850, Reuben Wyman and Merrill Wyman, on the one part, and Edwin N. Chubbuck, on the other part, made division of the fence between their farms in Bartlett in proper form, and caused the same to be recorded by the clerk of said town in the records thereof.  The defendant owns the Chubbuck farm, which now embraces substantially the same lands as when the division of fence was made, and the successive owners of that farm have kept up their part of the fence according to the division.  The Wyman farm has since been divided into several parcels, one of which is now owned by the plaintiff.  Her parcel adjoins the defendant's farm, and the fence between them is part of that belonging to the Wymans to build and maintain under the division of 1850.

In 1882 the plaintiff caused a division of the fence between the defendant and herself to be made by the fence-viewers, and if they had jurisdiction, notwithstanding the prior division, the plaintiff is to have judgment; otherwise, a nonsuit is to be entered.

*F. B. Osgood*, for the plaintiff.

*G. W. M. Pitman* and *T. J. Smith*, for the defendant.

ALLEN, J.    The defendant relies upon the agreed division made between the former owners of the adjoining lands in 1850, when the lands of each party to the agreement were conterminous upon the dividing line.   Since that time the land upon one side of the division line has been conveyed in separate parcels, of which the plaintiff has the title to one; and the entire fence on the line between her land and the defendant's was, by the agreed division, assigned to the plaintiff's grantor to maintain.   The defendant claims that at the time of the plaintiff's application for a division of the fence by the fence-viewers, the former division was in force. To uphold this claim requires a construction of the statute that a succeeding owner of a part of the adjoining land is equally bound by the agreement as if he had succeeded to the title of the whole of the adjacent tract.   The statutes providing for a division of partition fences impose no new burden upon either party, and give no benefit not before enjoyed.   They provide a convenient mode by which each may maintain his part of the fence, which the first

section of the chapter upon fences declares they must do "in equal shares." If the plaintiff, by reason of the agreement of the former owners, is brought under the requirement of the statute binding " succeeding owners," she is placed in the position of being compelled to maintain the entire partition fence between her own and the defendant's land; and the first section, requiring the parties to maintain the fence in equal shares, becomes inoperative. The equality of burden is lost. The plaintiff would maintain the entire fence on her part of the line, and another "succeeding owner" of another part of the land would be wholly relieved of the burden, while the defendant would maintain the entire fence next the land of one neighbor, and none at all next that of the other.

The agreement for a division of the fence was mutual. It was a single entire agreement, binding upon both parties so long as entirety of ownership in each tract should be preserved. Each party took the burden of building his share of the fence, and each received a corresponding benefit by being relieved of the burden of maintaining the other's share. If the division were to be held binding after one or more partitions of the land by conveyance, the mutuality of the agreement would be destroyed, the owner of one parcel taking the whole burden upon his line receiving no benefit, and another owner taking no burden and receiving the benefit of his neighbor's maintaining the whole fence upon his line. A construction of a statute, by which its leading object of preserving an equality of burdens and the mutuality of a contract is defeated, cannot be adopted if any other reasonable construction is open.

The claim, that the agreed division made by former owners contains a covenant running with the land and binding upon the plaintiff to maintain the whole partition fence, has no foundation except the statute providing that a division in writing "shall be binding upon the parties, and all succeeding owners and occupants of the land." The agreement itself does not appear to have been under seal, and conveyed no permanent easement or interest in the land. It was an undertaking to partition a burden resting in common upon the parties, and extending throughout the common line of their lands as then owned and occupied. That agreed division was by statute made "binding upon succeeding owners" of the same lands adjacent upon the same line, and, in the absence of express covenants to that effect, could not apply to a different line made by a division of one or both tracts of land by grants to different persons. The prior owners might have made mutual covenants running with the land, and which would have been binding upon the plaintiff and any succeeding owners of separate parcels of the same land. *Burbank* v. *Pillsbury*, 48 N. H. 475 ; *Harriman* v. *Park*, 55 N. H. 471; *Bronson* v. *Coffin*, 108 Mass. 175 ; 118 Mass. 156. They did not do so, and there is nothing to show that they intended to.

One party may throw a portion of his land in common, and be relieved of maintaining his part of the fence adjacent to the land made common. This so far abrogates the established division as to entitle the adjoining owner to a new division. *Jones* v. *Perry*, 50 N. H. 134. As a reason for that decision, it is urged in the opinion that a new adjustment is necessary when new contermi- nous proprietors are introduced by the conveyance of one of the adjoining tracts of land in separate parcels, citing *Adams* v. *Van Alstyne*, 25 N. Y. 236, and *Wright* v. *Wright*, 21 Conn. 329. The parties in this case having become adjoining owners after the first division of the fence, the plaintiff is entitled to a new division that will require the maintenance of a fence by them on their boundary line in equal shares.

No question is raised as to the future ownership of any fence built under the first partition, or as to any expense of building it, or as to the obligations of these parties before the new division was made.

*Judgment for the plaintiff.*

BLODGETT, J., did not sit: the others concurred.